Curran, Dennis J., J.
This memorandum addresses the plaintiff Barnum’s motion for a temporary restraining order and trustee process attachment which were heard on February 25, 2014.
Although the plaintiff Micha Barnum claims to have been an employee of the defendant Tubifi, Inc., the record evidence discloses otherwise.
Micha Barnum entered into a risky start-up venture with several other entrepreneurs. From the very start of his association, he knew that or should have known, because he signed documents saying so. Those documents repeatedly cautioned him:
This offer [of employment] is entirely conditional upon the business being able to raise sufficient investment capital to launch and develop its business model. {See Offer Sheet, attached to the Verified Complaint as Exhibit “A.”)
Further, Mr. Barnum agreed that:
By signing this offer letter, you agree that you will have no claim against Project Madmen [predecessor corporation to the defendant Tubifi, Inc.] for compensation or reimbursement of expenses in the event that, in view of the Founders. The amount of capital raised is insufficient to support the position of Vice President of Business development on an on-going basis. Id.
This language could not be clearer.
Finally, to reemphasize the point (as if it had not already been sufficiently crystallized), Mr. Barnum was apprised that as to Benefits, vacation, etc.:
These have yet to be determined but the intention is to comply with industry norms as far as possible, subject to affordability.
In support of his claim, Mr. Barnum has submitted a self-created worksheet for “Unpaid Wages” which no doubt, he had hoped to earn. Indeed, he was able to draw from the corporation (unlike others), $5,000 a month from May 2011 through July 2012. But these payments do not erase the fundamental understanding between the parties. Payment was wholly discretionary at the decision of the corporation until sufficient capital had been raised. Mr. Barnum understood this going in, but his perception of events changed as time passed. His perception was wrong.
I have examined the documents submitted at the hearing, but these regrettably do not change the fundamental agreement into which Mr. Barnum entered. Nor was Mr. Barnum unsophisticated in the entrepreneurial world, having graduated from MITs prestigious Sloan School and previously worked in the banking industry.
ORDER
For these reasons, the plaintiff Bamum’s motions for a temporary restraining order and trustee process attachment must be DENIED.